Mark R. Thierman, Nev. Bar No. 8285
mark@thiermanbuck.com
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Joshua R. Hendrickson, Nev. Bar No.12225
joshh@thiermanbuck.com
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEAH KISSICK,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN HOMES 4 RENT, LP and DOES 1-50,<br><br>     Defendant. | Case No.:<br><br>1) Interference with Family Medical Leave Act Rights in Violation of 29 U.S.C § 2601 *et seq.*<br><br>2) Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*;<br><br>3) Disability Discrimination in Violation of NRS § 613.330;<br><br>4) Age Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, |

COMES NOW Plaintiff LEAH KISSICK ("Plaintiff") and alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## INTRODUCTION

1.    Plaintiff Leah Kissick is an individual with a recognized physical disability who was employed by Defendant American Homes 4 Rent, LP ("Defendant" or "AH4R") as a sales representative in Defendant's call center until late 2018, when Defendant terminated her

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

employment. Plaintiff brings this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, NRS § 613.330, NRS § 613.420, the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* seeking redress for Defendant's improper termination of Plaintiff in retaliation for Plaintiff taking leave under the FMLA and on the basis of her disability and age.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the federal claims alleged herein. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 29 U.S.C. §794a(2), 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 2000e-5(f)(3).

3.      This Court has supplemental jurisdiction over the state law claims alleged herein as arising from the same transaction or occurrence—i.e., disability discrimination against Plaintiff in her employment with Defendant.

4.      Because Plaintiff's claims under the ADA, FMLA and ADEA arise under federal law, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's Nevada state law claims because those claims derive from a common nucleus of operative fact regarding Defendants' unlawful treatment of Plaintiff in connection with her disability, and form part of the same case and controversy.

5.      Federal and state law provide bases for attorney fees and costs in actions under the ADA, ADEA, FMLA, and NRS § 613.330.  *See* 29 U.S.C. § 2617(a)(2) ("The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."); *see also* 29 U.S.C. §794(b); NRS § 613.420.

6.      Venue is proper in this Court because many of the acts complained of herein occurred in this district, because Plaintiff was employed by Defendant to work in this district, and because Defendant actively conducts business in this district.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

7.      In or around May 2019, Plaintiff filed a Charge of Discrimination on the basis of age, disability, and FMLA retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.      On September 11, 2019, the EEOC dismissed Plaintiff's Charge and provided her with a Dismissal and Notice of Right to Sue. A true and correct copy of the Dismissal and Notice of Right to Sue is attached as Exhibit A.

9.      Plaintiff exhausted her administrative remedies under the ADA, ADEA, and NRS § 613.330 against Defendant.

10.     Plaintiff files this Complaint against Defendant within ninety days of her receipt of the EEOC Notice.

11.     There is no administrative exhaustion requirement for Plaintiff's FMLA claims against Defendant. *Id*. § 2617(a)(2).

## PARTIES

12.     Plaintiff is a natural person who was employed by Defendant as a Sales Representative II in Las Vegas, Nevada from on or about December 12, 2016 to on or about November 27, 2018. Throughout her employment, Plaintiff worked remotely from her home in Indiana.

13.     Defendant is a foreign corporation incorporated in the state of Delaware with its corporate headquarters located at 30601 Agoura Rd, Suite 200, Agoura Hills, CA 91301. During the relevant period, Defendant was an "employer" of Plaintiff under the relevant provisions of state and federal law.

14.     The identity of DOES 1-50 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiff.  Plaintiff is informed and believes that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Farmers" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

15.     Plaintiff began working for Defendant in or around December 12, 2016.

16.     Plaintiff performed her position competently, and Defendant regularly awarded Plaintiff performance bonuses in recognition of this fact.

17.     In early 2018, Plaintiff began experiencing a number of health issues later identified as effects of a bulging disc.

18.     Plaintiff's condition substantially limited her performance of major life activities. In particular, Plaintiff's bulging disc caused chronic pain and left her unable to sit for long periods of time, both of which limited her ability to perform her job on a full-time basis.

19.     Shortly thereafter, in February 2018, Plaintiff's doctor recommended that Plaintiff's disability be accommodated through periods of FMLA leave, which would allow her to manage her disability and continue working.

20.     In or around February 2019, Plaintiff informed Defendant of her need to take occasional time off to accommodate her disability in compliance with her doctor's proposed limitation.

21.     Defendant approved this accommodation and allowed Plaintiff to continue working while taking FMLA-approved leave one to two days per week.

22.     From February through her termination in November 2018, Plaintiff took approximately one to two days of FMLA-approved leave per week to accommodate her disability.

23.     In or around September 2018, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP"), purportedly for underperformance in relation to company standards.

24.     Plaintiff's PIP identified several areas of performance that purportedly needed improvement, including Plaintiff's average showing rates compared to the company average, production rates compared to company average, and other subjective criteria, such as quality assurance and suggested changes to tone and approach in completing sales calls.

25.     In reality, Defendant's decision to place Plaintiff on a PIP was not based on performance, but was designed to create a paper trail that could later be used as a pretext to terminate Plaintiff for impermissible reasons (specifically, FMLA retaliation, disability discrimination, and age discrimination) while maintaining the documented pretext of performance deficiencies.

- 4 -
COMPLAINT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

26.     Plaintiff's average showing rates and average production rates placed her at or near the call center average. Many call center employees had substantially similar or lower average showing and production rates than Plaintiff but were not placed on a PIP like Plaintiff.

27.     Likewise, Defendant used vague and subjective factors, like its evaluation that Plaintiff should be "more aggressive asking for the business, creating urgency, listening to what is of value to the customer and addressing those issues, [and] overcoming objections with value to the customer" to justify placing Plaintiff on a pretextual PIP.

28.     Defendant would not have placed Plaintiff on a PIP if she had not been taking FMLA leave.

29.     Plaintiff is informed and believes that Defendant's Human Resources department actively targeted employees taking FMLA, disabled employees who were limited in their ability to perform work due to their disabilities, older employees, and other employees who belonged to protected classes such as older employees, women, and minorities, who complained to Defendant that they felt their rights were being violated.

30.     For these employees, Defendant would instruct the employees' supervisors to more closely watch and document the employee for potential performance or disciplinary issues.

31.     By encouraging supervisors to more closely watch and document these groups of protected employees, Defendant created paper trails that could later be used as pretexts to terminate such employees.

32.     Defendant subjected such employees to higher performance and disciplinary standards compared to other employees who did not fall within these groups.

33.     Throughout Plaintiff's employment, and continuing through today's date, Defendant has consistently terminated a disproportionate number of these employees as compared to other employees.

34.     These terminations have in whole or in part been made to purge Defendant's workforce of these protected employees.

35.     Defendant's disproportionate termination numbers reflect its improper policy and practice of targeting such protected employees.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thermanbuck.com www.thermanbuck.com

36.     After placing Plaintiff on a PIP in September 2018, Defendant did not waste time in moving to terminate Plaintiff in November 2018.

37.     Defendant's decision to terminate Plaintiff was discriminatory and retaliatory in nature and was motivated in whole or in substantial part by the fact that Plaintiff was taking leave under the FMLA to accommodate her disability and by Plaintiff's age as an older employee more likely to experience continuing issues.

## FIRST CAUSE OF ACTION

Interference with FMLA Rights in Violation of 29 U.S.C § 2601 *et seq.*

38.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

39.     At all times relevant to this Complaint, Defendant was a covered employer under the Family and Medical Leave Act ("FMLA"), as it was engaged in an industry affecting commerce and it employed fifty or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year. 29 U.S.C. § 2611(4).

40.     Plaintiff was covered under the FMLA as an eligible employee employed by Defendant for at least twelve months who had performed at least 1,250 hours of service during the previous twelve-month period. *Id*. § 2611(2).

41.     Under the FMLA, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Id*. § 2615(a).

42.     The FMLA's "prohibition against interference" prohibits an employer from discriminating or retaliating against an employee . . . for having exercised or attempted to exercise FMLA rights. . . ." 29 C.F.R. § 825.220(c).

43.     "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." *Id*.

44.     Employers who violate the FMLA "may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the

violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered." *Id*. § 825.220(b); 29 U.S.C. § 2617.

45.     The statute of limitations for willful violations of the FMLA is "3 years of the date of the last event constituting the alleged violation for which such action is brought." 29 U.S.C. § 2617(c)(2).

46.     Defendants retaliated against Plaintiff in violation of the FMLA for taking leave to accommodate her disability.

47.     Defendants' actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the FMLA.

48.     Plaintiff has suffered damages as a result of Defendants' unlawful actions.

## SECOND CAUSE OF ACTION

Disability Discrimination in Violation of the ADA, 42 U.S.C. § 12101 *et seq*.

49.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

50.     Under the Americans with Disabilities Act ("ADA"), it is unlawful for covered employers to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

51.     Plaintiff was and is an individual with a disability within the meaning of the ADA at all times relevant to this lawsuit.

52.     Plaintiff was and is substantially limited in the major life activities of sitting for long periods of time, and working on a full time basis, amongst other limitations.

53.     Plaintiff was a qualified individual under the ADA because she could perform her essential job functions with or without reasonable accommodation. 42 U.S.C. § 12111(8).

54.     Defendant was a covered employer under the ADA, as it employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. *Id*. § 12111(5).

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

55.     Defendant discriminated against Plaintiff on the basis of her disability by terminating her employment on the basis of her disability.

56.     Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the ADA.

57.     Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## THIRD CAUSE OF ACTION

Disability Discrimination in Violation of NRS § 613.330

58.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

59.     It is unlawful under Nevada's equal employment opportunity laws, NRS 613.310-613.345 ("EEO Laws"), for an employer to discriminate against an employee based on an employee's disability.  Specifically, "it is an unlawful employment practice for an employer: (a) To fail or refuse to hire or to discharge any person, or otherwise to discriminate against any person with respect to the person's compensation, terms, conditions or privileges of employment, because of her or her . . . disability . . .; or (b) To limit, segregate or classify an employee in a way which would deprive or tend to deprive the employee of employment opportunities or otherwise adversely affect her or her status as an employee, because of her or her . . . disability . . . ."  NRS 613.330.

60.     Plaintiff was an employee of Defendant.

61.     Plaintiff had a disability—a bulging disc, that qualifies as a physical impairment and that substantially limited one or more major life activities.

62.     Plaintiff notified Defendant of her impairment and Defendant provided accommodation in the form of approved FMLA leave.

63.     Plaintiff was qualified and capable of performing the essential functions of her job with the accommodation of certain periods of leave.

64.     Defendant's reason for terminating Plaintiff was motivated by her disability.

65.     Defendant intentionally, and with malice and oppression, discriminated against Plaintiff because of her disability.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

1    66.    Plaintiff has suffered damages as a result of Defendant's unlawful actions.

2                              **FOURTH CAUSE OF ACTION**

3          Age Discrimination in Violation of the ADEA, 29 U.S.C. § 621 *et seq.*

4    67.    Plaintiff realleges and incorporates by this reference all the paragraphs above in

5    this Complaint as though fully set forth herein.

6    68.    The ADEA prohibits employment discrimination against persons 40 years of age

7    or older. 29 U.S.C. § 621 *et seq.*

8    69.    Plaintiff is 49 years old.

9    70.    Defendant discriminated against Plaintiff in violation of the ADEA by terminating

10   her employment based on Plaintiff's age in combination with her disability and FMLA-approved

11   leave.

12   71.    Defendants' actions were intentional, willful, and in reckless disregard of

13   Plaintiff's rights under the ADEA.

14   72.    Plaintiff has suffered damages as a result of Defendants' unlawful actions.

15                              **PRAYER FOR RELIEF**

16   Wherefore Plaintiff prays for relief as follows:

17   1.    A declaratory judgment that Defendant discriminated against Plaintiff in

18         violation of Title I of the ADA;

19   2.    A declaratory judgment that Defendant intentionally discriminated against

20         Plaintiff in violation of the FMLA;

21   3.    A declaratory judgment that Defendant intentionally discriminated against

22         Plaintiff in violation of the ADEA;

23   4.    A declaratory judgment that Defendant intentionally discriminated against

24         Plaintiff in violation of Nevada's EEO Laws.

25   5.    An injunction ordering Defendant to reinstate Plaintiff to her prior position of

26         employment with Defendant, with such retroactive promotions and benefits as

27         Plaintiff would have received had she not been terminated;

28

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

6.      An injunction ordering Defendant to provide Plaintiff reasonable accommodations necessary for Plaintiff to perform her essential job functions;

7.      An order requiring Defendant to undergo periodic ADA, ADEA and FMLA training;

8.      For lost wages resulting from Defendants' violations;

9.      For liquidated damages;

10.     For compensatory and punitive damages;

11.     For interest as provided by law at the maximum legal rate;

12.     For reasonable attorneys' fees authorized by statute;

13.     For costs of suit incurred herein;

14.     For pre-judgment and post-judgment interest, as provided by law, and

15.     For such other and further relief as the Court may deem just and proper.

DATED: December 10, 2019

*/s/ Joshua R. Hendrickson*
Joshua R. Hendrickson
*Of Counsel*
Mark R. Thierman
Joshua D. Buck

*Attorneys for Plaintiff*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

# EXHIBIT A

Dismissal and Notice of Right to Sue.

**EXHIBIT A**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Leah Kissick<br>2120 Priestford Road<br>Yorktown, IN 47396 | From: **Indianapolis District Office**<br>**101 West Ohio Street**<br>**Suite 1900**<br>**Indianapolis, IN 46204** |
|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative<br>**Michelle D. Ware,** | Telephone No. |
| **487-2019-00608** | **Enforcement Supervisor** | **(463) 999-1184** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**SEP 1 1 2019**

Enclosures(s)

**Michelle Eisele,**
**District Director**

*(Date Mailed)*

CC:   **American Homes 4 Rent, L. P.**

**c/o Rebecca Loeffler, Attorney**
**LITTLER MENDELSON, P.C.**
**111 Monument Circle**
**Suite 702**
**Indianapolis, IN 46204**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Indianapolis District Office**

101 West Ohio Street, Suite 1900
Indianapolis, IN 46204-4203
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Indianapolis Status Line: (866) 408-8075
Indianapolis Direct Dial: (469) 999-1120
TTY (317) 226-5162
FAX (317) 226-7953 & 5571
Website: www.eeoc.gov

SEP 1 1 2019

Leah Kissick
2120 Priestford Road
Yorktown, IN 47396

Re: Kissick v American Homes 4 Rent, L. P.
EEOC Charge No. 487-2019-00608

Dear Ms. Kissick:

The purpose of this letter is to inform you that the EEOC has concluded its investigation of the above-referenced charge of employment discrimination. Under our Priority Charge Handling Procedures, we focus our limited resources on those charges in which we believe a violation of the laws enforced by EEOC can be found. After EEOC management reviewed the information that you provided, they did not believe that additional investigation would result in our finding a violation.

The EEOC has terminated its investigation into your allegations. We fully understand that the parties to a charge often have very firm views that the available evidence supports their respective positions, our final determinations must comport with our interpretations of the available evidence and the laws we enforce. While you may disagree with our decision, the dismissal is final.

The Dismissal and Notice and Rights will explain your rights to pursue the matter in court. If you want to pursue this charge, you may do so on your own by filing in Federal District Court within 90-days of receiving the Notice of Right to Sue. If you do not file a lawsuit within the required 90-day period, your Notice of Right to Sue in the matter will expire and cannot be restored by the EEOC.

Sincerely,

Michelle D. Ware
Enforcement Supervisor

Enclosure: Dismissal and Notice of Rights

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**  The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

➢ **Only one** major life activity need be substantially limited.

➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.